## AFFIDAVIT OF SPECIAL AGENT JENNIFER L. WEIDLICH

I, Jennifer L. Weidlich, being duly sworn, hereby depose and say:

1.   I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI") assigned to the Boston Division, and have been so employed for approximately eight years.  I am currently assigned to the Worcester Resident Agency of the Boston Division of the FBI.  I have received specialized FBI training in the investigation of computer and computer-related crimes and crimes involving the sexual exploitation of children.  My responsibilities include the investigation of various criminal offenses, including the investigation of crimes involving the sexual exploitation of children.  Since my assignment to the Worcester Resident Agency (formerly the Hudson Resident Agency), I have been assigned numerous investigations of crimes involving the sexual exploitation of children via the Internet.

2.   For purposes of this affidavit, any individual under the age of 18 will be referred to as a "child" or "minor," and any visual depiction of a child or minor engaging in "sexually explicit conduct," as that term is defined in Title 18, United States Code, Section 2256(2)(A), will be referred to as "child pornography."

1

3.   This affidavit is submitted for two purposes: (1) in support of a complaint and arrest warrant for Andrew J. Myers of 92 Tracy Drive, Whitinsville, Massachusetts, year of birth 1978, for possession of child pornography and use of a means or facility of interstate or foreign commerce to induce and/or entice a minor to engage in unlawful sexual activity; and (2) in support of an application for a warrant to search the following two locations for evidence of those crimes:

a.   the residence of Andrew Myers, located at 92 Tracy Drive, Whitinsville, Massachusetts; and

b.   the Law Office of Andrew Myers, located at 70 Church Street, Whitinsville, Massachusetts

(collectively hereinafter, the "Subject Premises").

As described herein, there is probable cause to believe that Andrew J. Myers has committed the offenses of possession of child pornography and use of an interstate facility to entice a minor to engage in unlawful sexual conduct and there is probable cause to believe that the Subject Premises contain evidence of the crimes of possession of child pornography and use of an interstate facility to entice a minor to engage in unlawful sexual conduct.

4.   The items to be seized constitute evidence of the commission of criminal offenses, contraband, fruits of crimes

2

and things otherwise criminally possessed, as well as property designed and intended for use, and that has been used, as a means of committing criminal offenses, to wit: possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B); and use of a means or facility of interstate commerce to induce and/or entice a minor to engage in unlawful sexual activity, in violation of Title 18, United States Code, Section 2422(b).  A more specific list of items to be seized may be found in Schedule A, attached hereto.

5.   The evidence described in Schedule A includes evidence maintained in electronic format on any computer (or other device capable of storing data) within the Subject Premises.  The methods by which the electronic information will be searched are more fully set forth in the "Computer Evidence" section of this affidavit.

6.   The information set forth in this affidavit is based on an investigation conducted by law enforcement agents, including myself.  This affidavit does not contain every fact known to me with respect to this investigation.  Rather, it contains those facts that I believe to be necessary to establish probable cause for issuance of: (1) the requested warrant to search the Subject Premises; and (2) the requested arrest warrant.

## RELEVANT STATUTES

7.   Generally, Title 18, United States Code, Section 2252, makes it illegal for any person to knowingly transport, ship, receive, distribute, or possess, in or affecting interstate or foreign commerce, any visual depiction, if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.  Each subsection of Section 2252 specifically refers to computers as one means by which a visual depiction may travel in and/or otherwise affect interstate commerce.

8. Generally, Title 18, United States Code, Section 2422(b) makes it illegal for a person to use a facility of interstate commerce to attempt to, or to knowingly, persuade, induce or entice, someone younger than eighteen years old to engage in criminal sexual activity.  A computer connected to the Internet is recognized as a facility of interstate commerce.

## THE SUBJECT PREMISES

9.   The Subject Premises at 92 Tracy Drive, Whitinsville, Massachusetts is a single-family raised-ranch style residence. The residence to be searched has blue siding and black shutters, a one-car attached garage with a white door, and an in-ground pool.  The number ninety-two ("92") is affixed to the right side of the front door.

10.   The Subject Premises at 70 Church Street, Whitinsville, Massachusetts is an office building identified as 68-72 Church Street (Baker Building).  The Baker Building is described as a three-story office building comprised of office suites.  The Subject Premises are suites within the building numbered 5 and 6.  Those suites are located on the second floor of the building and are visibly numbered "5" and "6."

## COMPUTERS AND CHILD PORNOGRAPHY

11.   Computers and computer technology have revolutionized the way in which individuals interested in child pornography interact with each other.  The computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography.  The size of the electronic storage media (commonly referred to as the hard drive) used in home computers has grown tremendously within the last several

years.  These drives can store hundreds of thousands of images at very high resolution.

## THE INSTANT INVESTIGATION

12.  This investigation was initiated with the assistance of the Larimer County Colorado Sheriff's Office (LCSO) and the Northbridge Police Department.  The LSCO is conducting an active Internet Sexual Exploitation of a Child Investigation concerning Andrew J. Myers, year of birth 1978, based, in part, upon the following:

13.  On July 24, 2012, Colorado Mother[1] reported that her twelve (12) year-old son (hereinafter "JV-1")[2] had been communicating via email and Skype over the Internet with an individual who identified himself as a thirty-three (33) year-old male named Jonathan Andrews.  The email correspondence took place between July 14, 2012 and July 23, 2012.  In communicating with JV-1, Andrews utilized email address iwtfb78@hotmail.com with an associated user name of "Robin Hood."[3]  In the emails

---

[1]    The identity of Colorado Mother is known to this affiant.

[2]    The identity of JV-1 is known to this affiant.

[3]    As detailed more fully below in the Section of this Affidavit addressing information obtained from Andrew Myers' Internet Service Provider and the host for the iwtfb78@hotmail.com email address used by "Jonathan Andrews," those records reflect that between June 1, 2012 and July 30, 2012, the email account was accessed on 77 occasions through IP addresses which had been assigned to Andrew Myers' residence or

with JV-1, Andrews discussed how he had just returned from a week at scout camp and talked about one of the children being "the horniest boy I have in the troop" and said that, "it helps that he is one of the cutest!" When JV-1 stated "nothing like horny scout campers," Andrews replied "I just wish some of them were willing to let me play along." Andrews invited JV-1 to join him on Skype and provided his Skype user name, "jonathan.andrews805."

14. Colorado Mother also provided LCSO with Skype transcripts she captured between JV-1 and Andrews. A review of the transcripts shows that Andrews utilizes Skype user name jonathan.andrews805. In those transcripts, Andrews told JV-1 that he is thirty-three (33) and that he lives about an hour from Hartford and an hour from Boston. Andrews stated that he is a lawyer, but hates practicing law and is trying to close his law office. Andrews stated that he has an interview for a middle school sixth grade English/social studies teaching position. Andrews also referenced having worked as a teacher in the prior year, stating, "i actually had 1 boy in the 4th grade last year who would always touch me and get close." Andrews

---

to Andrew Myers' Law Office or which can be associated with Andrew Myers' Law Office. The term "associated with" as used herein, is explained in footnote 14, <u>infra</u>.

also directed JV-1 to the Russian website iMGSRC.RU[4] and identified his user name as pendragon4.  Andrews advised, "i'm gonna be adding some new galleries soon" and further said, "gonna add some pics of camp".  Andrews told JV-1 that he had a scout meeting the night of that Skype session.

15.  Throughout the Skype session, Andrews encouraged JV-1 to expose and touch himself on webcam.  Andrews told JV-1 that he masturbates to "mostly pics or vids of boys like you if that's not too weird," adding, "an older guy like me being sexually attracted to younger boys can be pretty off-setting to most people."

16.  The following is a quoted excerpt from the Skype transcript[5]:

> [7/23/2012 10:11:18 PM] Jonathan Andrews: might watch some saved videos i have.
>
> [7/23/2012 10:11:29 PM] JV-1: Sure.
>
> [7/23/2012 10:11:52 PM] Jonathan Andrews: should i watch boys sucking or fucking?
>
> [7/23/2012 10:12:22 PM] JV-1: Why not watch both. *nudge,nudge,wink,wink!*
>
> [7/23/2012 10:12:29 PM] Jonathan Andrews: haha

---

[4]   iMGSRC.RU (short for image source) is a Russian-based free photograph hosting image board website.

[5]   The Skype user name of JV-1 has been omitted and replaced with "JV-1" for purposes of this affidavit, but is known to this affiant.

[7/23/2012 10:12:34 PM] Jonathan Andrews: well, i have those too

17.   In furtherance of the LCSO investigation, on July 31, 2012, Investigator Robert Heffernan obtained a search warrant for the content of email account iwtfb78@hotmail.com.  Heffernan served Microsoft with the search warrant on August 1, 2012.  The results of the search warrant obtained from Microsoft on August 2, 2012, revealed, in part, the following:  email communications from iwtfb78@hotmail.com with at least three individuals suspected to be minor males from the Northbridge, Massachusetts, area, in which the email user offered to perform sexual acts on the boys (these are discussed in more detail in the Section of this Affidavit addressing solicitation and enticement); the presence of numerous images depicting prepubescent and minor pubescent boys engaged in sexual acts and/or exposing their genitals; and countless Craigslist advertisements to meet with other males for the purpose of performing sexual acts.  In connection with the Craigslist advertisements and related responses, the email iwtfb78@houtmail.com user described himself as 5'6", 150 pounds and provided a photograph he described as "me".

18.   Investigator Heffernan located local Boy Scout Troop X[6] in Massachusetts online.  The Troop X website displays a troop photograph taken on July 15, 2012.  The individual depicted in the photograph as Scout Master Andrew Myers appears to be the same individual that is depicted in the photograph identified as "me" as described in paragraph 17.

19.   Investigator Heffernan contacted Detective John Ouillette of the Northbridge, Massachusetts Police Department and provided him with the photograph identified as "me" described in paragraph 17.  Detective Ouillette identified the individual depicted in the photograph as Andrew Myers, year of birth 1978, of 92 Tracy Drive, Northbridge, Massachusetts, based upon Ouillette's personal familiarity with Myers.  Detective Ouillette identified Myers as an attorney who may no longer be actively practicing law and a scout leader with

the Boy Scouts of America.  Detective Ouillette also stated that Myers had worked as a substitute teacher during the past school year.  Detective Ouillette believed Myers had been offered a permanent teaching position at the Northbridge Middle School.

---

[6]    The identity of the Boy Scout Troop X is known to this affiant.

## ENTICEMENT

20.    As previously mentioned in paragraph 15, the individual identified as Jonathan Andrews and utilizing the Skype user name jonathan.andrews805, encouraged JV-1 to expose and touch himself on webcam.

21.    The following are quoted excerpts from the Skype transcript:

> [7/23/2012 8:03:31 PM] Jonathan Andrews: you're 13, right?
>
> [7/23/2012 8:03:44 PM] JV-1: Yep[7]
>
> [7/23/2012 8:03:51 PM] Jonathan Andrews: that's such a fun age
> ....
>
> [7/23/2012 8:13:59 PM] Jonathan Andrews: I love swimming naked. it's so much fun
> ....
>
> [7/23/2012 8:16:53 PM] Jonathan Andrews: I have a pool in my backyard
>
> [7/23/2012 8:16:55 PM] Jonathan Andrews: :)
>
> [7/23/2012 8:16:59 PM] Jonathan Andrews: i can do it whenever I want
>
> [7/23/2012 8:17:02 PM] Jonathan Andrews: :D
>
> [7/23/2012 8:17:16 PM] JV-1: I wish I had a pool...:9
>
> [7/23/2012 8:17:19 PM] JV-1: :(
>
> [7/23/2012 8:17:32 PM] Jonathan Andrews: well, come visit.

---

[7] JV-1 was actually twelve years old at the time.

11

[7/23/2012 8:17:34 PM] Jonathan Andrews: ;)

[7/23/2012 8:17:42 PM] JV-1: Yeah!

[7/23/2012 8:17:45 PM] Jonathan Andrews: I'm sure I could find you a place to sleep.

[7/23/2012 8:17:45 PM] Jonathan Andrews: :P

[7/23/2012 8:17:53 PM] JV-1: ;)

[7/23/2012 8:18:06 PM] Jonathan Andrews: sooooo...

[7/23/2012 8:18:17 PM] Jonathan Andrews: I'm sure it's no secret I'd like to see some "more" of you.

[7/23/2012 8:18:27 PM] Jonathan Andrews: would you be willing?

[7/23/2012 8:18:41 PM] JV-1: Depends.  What exactly do you want?

[7/23/2012 8:18:56 PM] Jonathan Andrews: well, like I said, I think your pretty cute.

[7/23/2012 8:19:03 PM] Jonathan Andrews: I'd deff love to see you without a shirt on

[7/23/2012 8:19:11 PM] Jonathan Andrews: and seeing you naked would be amazing

[7/23/2012 8:19:13 PM] Jonathan Andrews: :)

[7/23/2012 8:19:16 PM] Jonathan Andrews: hahaha

[7/23/2012 8:20:04 PM] JV-1: I can deff do w/out shirt, as I'm not wearing one right now.  Naked however, may be difficult because my door doe[s]n't lock.

[7/23/2012 8:20:14 PM] Jonathan Andrews: understood

[7/23/2012 8:20:20 PM] Jonathan Andrews: I'll take what I can get

[7/23/2012 8:20:21 PM]  Jonathan Andrews: :P

[7/23/2012 8:20:37 PM]  JV-1: Wanna switch to vid?

[7/23/2012 8:20:37 PM]  Jonathan Andrews: sure

[7/23/2012 8:20:38 PM]  Jonathan Andrews: :D

[7/23/2012 8:20:41 PM]  JV-1: K

[7/23/2012 8:20:43 PM]  JV-1: One sec

[7/23/2012 8:20:53 PM]  ***Call to Jonathan Andrews***

[7/23/2012 8:21:11 PM]  Jonathan Andrews: very nice!!

[7/23/2012 8:21:32 PM]  JV-1: Srry bout my crappy cam.

[7/23/2012 8:21:40 PM]  Jonathan Andrews: no worries

[7/23/2012 8:21:40 PM]  Jonathan Andrews: good enough
for me

[7/23/2012 8:21:44 PM]  Jonathan Andrews: :)

[7/23/2012 8:21:46 PM]  JV-1: Okay.

[7/23/2012 8:21:53 PM]  Jonathan Andrews: willing to
share some more?

[7/23/2012 8:22:02 PM]  JV-1: Sure.

[7/23/2012 8:22:17 PM]  Jonathan Andrews: please

[7/23/2012 8:22:23 PM]  Jonathan Andrews: bet you have
a nice one

[7/23/2012 8:23:15 PM]  JV-1: I might tomorrow, but its
late and my mom comes in my room a lot at this time.
....

[7/23/2012 8:23:38 PM]  Jonathan Andrews: or you could
flash quick
....

[7/23/2012 8:24:50 PM] JV-1: Alright.  You gonna be on tomorrow?

[7/23/2012 8:25:03 PM] Jonathan Andrews: yeah, i'll be on

[7/23/2012 8:25:24 PM] JV-1: I can do it then.  You good w/ that?

[7/23/2012 8:25:30 PM] Jonathan Andrews: *absolutely*

[7/23/2012 8:25:31 PM] Jonathan Andrews: :)

[7/23/2012 8:25:44 PM] Jonathan Andrews: as long as you're ok with it, so am i

[7/23/2012 8:25:56 PM] Jonathan Andrews: maybe we can do stuff together
....

[7/23/2012 8:26:07 PM] Jonathan Andrews: I'm willing to show off too

[7/23/2012 8:26:12 PM] Jonathan Andrews: if you're interested

[7/23/2012 8:26:19 PM] JV-1: I'll be okay with it.  I can still chat tonight, but no strip shows now

....

[7/23/2012 8:34:47 PM] Jonathan Andrews: I wouldn't mind seeing you naked

[7/23/2012 8:34:59 PM] Jonathan Andrews: what kind of underwear do you have?
....

[7/23/2012 8:36:20 PM] JV-1: They are kinda like boxers

[7/23/2012 8:36:20 PM] JV-1: underwear show

[7/23/2012 8:36:33 PM] Jonathan Andrews: oh, like boxer briefs

[7/23/2012 8:36:40 PM]  Jonathan Andrews: very nice

[7/23/2012 8:36:52 PM]  Jonathan Andrews: feel free to
pull them down
....

[7/23/2012 8:37:44 PM]  Jonathan Andrews: I like
watching you
....

[7/23/2012 8:38:05 PM]  Jonathan Andrews: and I was
gonna climb into bed and show off for you too
....

[7/23/2012 9:37:58 PM]  Jonathan Andrews: i think the
human body is fascinating

[7/23/2012 9:38:07 PM]  Jonathan Andrews: especially
certain parts
....

[7/23/2012 9:38:28 PM]  Jonathan Andrews: I'm examining
part of mine right now
....

[7/23/2012 9:38:48 PM]  Jonathan Andrews: and you
should too
....

[7/23/2012 9:39:29 PM]  Jonathan Andrews: it would be
fun if I could watch
....

[7/23/2012 10:04:20 PM]  JV-1: Yeah. Can't wait til
tomorrow.

[7/23/2012 10:04:26 PM]  Jonathan Andrews: me too
....

[7/23/2012 10:04:44 PM]  Jonathan Andrews: i'm stroking
just thinking about it
....

[7/23/2012 10:07:55 PM] Jonathan Andrews: i'm all over the place
....

[7/23/2012 10:08:08 PM] Jonathan Andrews: masterbating distracts you
....

[7/23/2012 10:09:25 PM] Jonathan Andrews: you can watch if you want

[7/23/2012 10:09:41 PM] Jonathan Andrews: i'm ok with it
....

[7/23/2012 10:10:02 PM] Jonathan Andrews: you don't have to show if you don't want to

[7/23/2012 10:10:10 PM] Jonathan Andrews: I enjoy people watching

22.    In addition, as previously noted, the user of iwtfb78@hotmail.com sent email communications to three individuals believed to be minor boys, soliciting them to engage in oral sex.  In one email dated June 28, 2012, the author, utilizing email address iwtfb78@hotmail.com, proposed to perform oral sex on the addressee of the email.[8]  In another email dated May 9, 2012, the author, utilizing email address

---

[8]    Again, as detailed more fully in the Section of this Affidavit addressing information obtained from Andrew Myers' Internet Service Provider and the host for the iwtfb78@hotmail.com email address, between June 1, 2012 and July 30, 2012, the email account in question was accessed on 77 occasions through IP addresses which had been assigned to Andrew Myers' residence, to Andrew Myers' Law Office, or which can be associated with Andrew Myers' Law Office.  The term "associated with" as used herein, is explained in footnote 14, infra.

iwtfb78@hotmail.com, proposed to perform oral sex on the addressee who is described in the email as "one of the hottest boys at school." In a third email dated May 7, 2012, the author, utilizing email address iwtfb78@hotmail.com, proposed to perform oral sex upon the addressee who is described in the email as "one of the hottest boys at Northbridge." The addressee of that email responded that they should meet "at the 8[th] grade bathroom," to which the author responded "I can't meet during school."[9] When the individual utilizing email address iwtfb78@hotmail.com later identified himself as a male, and "...not one of your peers," the recipient of this email threatened to contact the police. Northbridge Police detectives involved in this investigation believe that they have identified at least two of the individuals to whom these emails were sent by virtue of the fact that the email addresses include the names, or portions of the names, of the individuals. The two individuals whom the detectives believe to be the recipients of these emails are known to be minors.

---

[9]    The author of this email also requested that the minor male "send me a pic of yourself. You should be naked and I should be able to see your cock and your face." That picture was requested to both demonstrate "you really want to get together" and to insure the minor male's "discretion" because "[t]his absolutely must be something that stays between you and me."

## Image Files

23.   On August 14, 2012, this affiant was provided with the search warrant results obtained from Microsoft for email account iwtfb78@hotmail.com, in addition to the Skype transcript Investigator Heffernan obtained from Colorado Mother.  A review of the content of the email account revealed the following:

a.   On July 10, 2012, iwtfb78@hotmail.com received an email from          @ymail.com with approximately fifty (50) .jpeg image file attachments.  I believe, based upon my review of the images and my training and experience, that the majority of those images depict child pornography.  For purposes of this affidavit, three of the images are specifically described as follows:

(1)   Image "attachment_35" depicts a naked minor prepubescent male who has a white liquid on his face and chest area.  The minor male is also holding his penis with his left hand.

(2)   Image "attachment_29" depicts a naked minor prepubescent male who is holding what appears to be a can of whipped cream in his right hand and whose genitals can be seen.  There is a white liquid substance running down the minor male's left shoulder/upper arm area and down the length of his chest and torso.

(3)   Image "129469621982_onionib" depicts a naked prepubescent male who is holding a can of what appears to be whipped cream in his right hand.  There is a white liquid substance on the minor male's face, chest, upper thigh and genital areas.

18

b.  On July 11, 2012, iwtfb78@hotmail.com received an email from _____@ymail.com with approximately nine .jpeg image files attachments.  I believe, based upon my review of the images and my training and experience, that the majority of those images depict child pornography.  For purposes of this affidavit, three of the images are specifically described as follows:

(1)  Image "attachment_08" depicts a heavy set, prepubescent, minor male who is wearing only blue jeans that are unzipped to lasciviously display his genitals.

(2)  Image "attachment_04" depicts a heavy set, prepubescent, minor male who is depicted naked from the nose to just above the knee.  He is standing with his legs spread lasciviously displaying his genitals.

(3)  Image "attachment_02" depicts a prepubescent, minor male who is lying on his back with his legs spread lasciviously displaying his genitals.  The image is date stamped "23 6 2005".

c.  On May 2, 2012, iwtfb78@hotmail.com received an email from _____@gmail.com with approximately seven .jpeg image file attachments.  I believe, based upon my review of the images and my training and experience, that the majority of those images depict child pornography.  For purposes of this affidavit, three of the images are specifically described as follows:

(1)  Image "2220" depicts a naked, minor, prepubescent male who is holding his penis in his right hand.

(2)   Image "janner_15" depicts a naked, minor, prepubescent male who standing up lasciviously displaying his genitals.

(3) Image "2271" depicts a minor, prepubescent male who is wearing only socks.  The minor male is depicted lying on what appears to be a bed with his right knee bent upwards lasciviously displaying his genitals.

All of the images specifically described in paragraph 23 above will be made available for the Court's review.

## iMGSRC.RU

24.  On August 15, 2012, the Russian-based website, iMGSRC.RU, was accessed by this affiant.  User pendragon4 registered with the Russian-based website, IMGSRC.RU, on May 28, 2011, using the email address of iwtfb78@hotmail.com.  On the website, pendragon4 is sharing two albums entitled, "Boys I know" and "Airport Boy".  Upon review, "Boys I know" contains numerous clothed images of what appears to be minor males personally known to Myers.[10]  Pendragon4 posted several sexually suggestive comments in connection with several of the photographs posted to the album.[11]

---

[10]   At least one of the minor males depicted has been identified as a Northbridge, Massachusetts student.

[11]   For example, pendragon4 posted a photograph of a pubescent minor male on June 20, 2011 at 07:39:15 with the comment, "(Name omitted) came over to swim in my pool one day.  He had a hole in the crotch of the loose swim trunks he was wearing.  I'm pretty sure he knew I kept looking!"  As previously noted in paragraph 9, Myers' residence has a pool.

**IP Addresses**[12]

25.  On August 2, 2012, Microsoft provided the Internet
Protocol (IP) log history associated with email account
iwtfb78@hotmail.com to the LCSO.  The IP log history reflects
that between June 1, 2012 and July 30, 2012, the email account
for iwtfb78@hotmail.com was accessed by an individual utilizing
the following IP addresses: 71.10.236.81; 68.114.93.57;
68.114.93.27; 66.189.120.6; 68.114.93.34; 24.177.37.123;
68.114.93.5; 66.189.120.6; and 66.189.120.4.[13]  A Domain Tools
reverse IP query identified the aforementioned IP addresses as
belonging to Charter Communications ("Charter").

26.  On August 15, 2012, an administrative subpoena was
served upon Charter for the subscriber associated with the
following IP addresses: 24.177.36.124 from October 13, 2007 at
8:12:59 p.m. to October 14, 2007 at 7:20:20 p.m.; 68.114.93.57
from June 2, 2012 at 8:19:55 a.m. to June 5, 2012 at 1:58:09
p.m.; 68.114.93.27 from June 20, 2012 at 11:51:39 a.m. to June

---

[12]    Every computer that communicates over the Internet is
assigned an IP address that uniquely identifies the device and
distinguishes it from other computers on the Internet.

[13]    The account was also accessed on four occasions by IP
addresses assigned to a mobile device: 198.228.205.225;
198.228.205.58; and 198.228.205.225 (2x).  A Domain Tools query
identified the IP addresses as resolving to Cingular Wireless.
Data concerning the individual to whom those IP addresses were
assigned at the relevant times is pending.

21, 2012 at 9:39:07 a.m.; 68.114.93.34 from June 29, 2012
1:26:21 p.m. to July 5, 2012 at 1:23:50 p.m.; 68.114.93.5 on
July 10, 2012 at 1:13:57 p.m.; 71.10.236.81 from June 1, 2012 at
3:33:18 p.m. to July 1, 2012 at 4:45:59 p.m.; 24.177.37.123 from
July 3, 2012 7:57:52 p.m. to August 2, 2012 at 12:28:01 p.m.;
66.189.120.6 on July 23, 2012 at 9:09:31 a.m. to July 23, 2012
1:59:05 p.m.; 66.189.120.6 on July 26, 2012 from 9:34:09 a.m. to
2:10:11 p.m.; 66.189.120.4 on July 24, 2012 from 7:42:17 a.m. to
11:26:49 a.m.; and 123.53.107.57 on July 25, 2012 from 11:03:44
a.m. to 2:20:32 p.m.[14]   (The subpoena sought data based upon
Pacific Daylight Time.  Unless otherwise specified, times herein
were converted to Eastern Standard Time).  On August 17, 2012,
Charter responded to the subpoena by providing data concerning
the use of those IP addresses from June 1, 2012 through July 30,
2012.

      27.  A comparison of the data provided by Microsoft and
Charter reveals the following:

      a.  The account for the email address iwtfb78@hotmail was
successfully accessed on approximately eighty-one (81) occasions
between June 1, 2012 and July 30, 2012.[15]

---

[14]    All of the dates and times were requested in Pacific
Daylight Time (PDT).

[15]    There were three failed attempts to log in to the account
from IP addresses that are not presently associated with Myers.

b.    On four (4) occasions the account for the email address iwtfb78@hotmail was accessed by a Mobile device for which the subscriber information has not yet been obtained.

c.    On approximately nineteen (19) occasions between June 1, 2012 and July 30, 2012, the account for the email address iwtfb78@hotmail was accessed from an IP address that Charter records reflect was assigned to Myers' Law Office, 70 Church Street, Whitinsville, Massachusetts, at the time that the email account was accessed: June 2, 2012 at 11:19 a.m. and 4:52 p.m.; June 4, 2012 at 6:39 p.m.; June 5, 2012 at 4:58 p.m.; June 20, 2012 at 2:51 p.m. and 4:35 p.m.; June 21, 2012 at 12:39 p.m.; June 29, 2012 at 4:26 p.m.; July 2, 2012 at 4:48 p.m.; July 3, 2012 at 4:50 p.m.; July 5, 2012 at 12:50 p.m. and 4:23 p.m.; July 10, 2012 at 4:13 p.m.; July 23, 2012 at 12:09 p.m. and 4:59 p.m.; July 24, 2012 at 10:42 a.m. and 2:26 p.m.; and July 26, 2012 at 12:34 p.m. and 5:10 p.m.

d.    On an additional six (6) occasions between June 25, 2012 and June 27, 2012, the account for the email address iwtfb78@hotmail was accessed from an IP address that Charter records reflect was assigned to the Myers' Law Office, 70 Church

Street, Whitinsville, Massachusetts, albeit not specifically on the dates upon which the account was accessed.[16]

e.    On approximately fifty-two (52) occasions between June 1, 2012 and July 30, 2012, the account for the email address iwtfb78@hotmail was accessed from an IP address that Charter records reflect was assigned to Myers' residence, 90 Tracy Drive, Whitinsville, Massachusetts, at the time that the email account was accessed: June 1, 2012 at 6:33 p.m. and 8:58 p.m.; June 15, 2012 at 2:34 p.m. and 6:37 p.m.; June 17, 2012 at 8:21 p.m.; June 18, 2012 at 4:48 p.m.; June 24, 2012 at 2:26 p.m., 3:47 p.m., 4:46 p.m. and 9:14 p.m.; June 26, 2012 at 6:09 p.m.; June 27, 2012 at 12:03 a.m., 4:50 a.m., 11:29 a.m., and 11:57 a.m.; June 28, 2012 at 9:53 p.m., 10:03 p.m., 10:06 p.m., 10:11 p.m.and 11:59 p.m.; June 29, 2012 at 12:04 a.m., and 12:09 a.m.;

---

[16]    To explain, the email account was accessed by IP address 68.114.93.27 on June 25, 2012 at 8:38 a.m.  While the data from Charter does not reflect that this IP address was specifically assigned to Myers' Law Office at that exact time, that specific IP address was nonetheless assigned to the Myers' Law Office from June 20, 2012 through June 22, 2012 and Charter has not provided any data to suggest that the IP address was assigned to any other individual between June and July 2012.  Similarly the email account was accessed on five occasions on June 27, 2012, at 3:34 p.m., 3:37 p.m., 3:55 p.m., 4:33 p.m. and 7:53 p.m. (EST), using IP address 66.189.120.6.  The Charter data does not reflect that this IP address was specifically assigned to Myers' Law Office at those times.  Nonetheless, similar to the situation noted above, that specific IP address was assigned to Myers' Law Office from July 23, 2012 to July 24, 2012, and Charter did not provide any data suggesting that the IP address had been assigned to any other individual between June and July 2012.

July 1, 2012 at 7:45 p.m.; July 3, 2012 at 10:57 p.m.; July 4, 2012 at 2:26 a.m., 3:51 a.m. (2x), 3:56 a.m., 5:34 p.m., and 7:50 p.m.; July 5, 2012 at 10:29 p.m.; July 6, 2012 at 8:54 p.m. and 10:27 p.m.; July 7, 2012 at 6:30 p.m.; July 8, 2012 at 12:01 p.m., 6:03 p.m., and 10;12 p.m.; July 9, 2012 at 2:08 a.m.; July 10, 2012 at 10:13 p.m.; July 11, 2012 at 7:23 p.m. and 9:58 p.m.; July 15, 2012 at 12:15 a.m.; July 21, 2012 at 8:54 p.m. and 10:56 p.m.; July 23, 2012 at 7:57 p.m. and 11:54 p.m.; July 24, 2012 at 11:55 p.m.; July 25, 2012 at 8:18 a.m. and 8:20 a.m.; July 26, 2012 8:34 p.m. and 11:34 p.m.; and July 30, 2012 at 11:23 a.m.

28. In sum, the email account for the email address iwtfb78@hotmail was accessed approximately eighty-one (81) time times between June 1, 2012 and July 30, 2012. On four (4) occasions the account for the email address iwtfb78@hotmail was accessed by a mobile device (for which the subscriber information has not yet been obtained). On the remaining approximately seventy-seven (77) occasions, the account for the email address iwtfb78@hotmail was accessed by an IP address that was specifically assigned to Myers' home or Law Office (approximately seventy-one (71) occasions) or was accessed by an IP address associated with Myers' Law Office (approximately six (6) occasions).

## Skype

29.   On August 16, 2012, an administrative subpoena was
served upon Skype Communications SARL ("Skype") for the
subscriber and available IP log history associated with Skype
user jonathan.andrews805.  On August 20, 2012, Skype provided
records indicating that the Skype account jonathan.andrews805
was created on August 5, 2011.  The email account associated
with the account was identified as iwtfb78@hotmail.com.[17]

30.   On August 14, 2012, a Massachusetts Registry of Motor
Vehicles query returned an active driver's license for Andrew
Myers, year of birth 1978, with a mailing address of 92 Tracy
Drive, Whitinsville, Massachusetts.

31.   On April 14, 2012, a query of a reliable database of
public records available exclusively to law enforcement and
other government investigators identified Myers' current address
as 92 Tracey Drive, Whitinsville, Massachusetts.[18]  In the
business affiliations section of the report, Myers' full name is

---

[17]    Based upon the review of the search warrant results
received from Microsoft for email account iwtfb78@hotmail.com
referenced in paragraph 23 above, the welcome email from Skype
for user jonathan.andrews805 was received by iwtfb78@hotmail.com
on August 5, 2011.

[18]    Based upon the www.masslandrecords.com website, it appears
that Tracy Drive and Tracey Drive are used interchangeably to
identify the street located in Whitinsville, Massachusetts.

identified as Andrew Jonathan Myers.[19]   In addition, the business affiliations section identified Myers' business address as 70 Church Street, #5, Northbridge, Massachusetts.[20]   On August 20, 2012, an Internet Google query returned several references to Myers' law office located at 70 Church Avenue, Northbridge, Massachusetts.   The records subpoenaed from Charter reflect the address of the Myers' Law Office to be 70 Church Street, Suite 5 and 6, Whitinsville, Massachusetts.[21]

32.   Northbridge Police Department Lieutenant Timothy Labrie and Detective John Ouillette have personal knowledge that Myers currently resides at 92 Tracy Drive, Whitinsville, Massachusetts.

33.   Based upon the information in this affidavit, I have probable cause to believe that "Jonathan Andrews," the individual who utilized Skype user name jonathan.andrews805, and the individual utilizing email address iwtfb78@hotmail.com, is Andrew Jonathan Myers.

---

[19]   Myers' Skype screen name is jonathan.andrews805.  A review of the historical content of email account iwtfb78@hotmail.com reveals that the user name associated with the account was Jonathan Andrews prior to the use of user name Robin Hood.

[20]   Whitinsville is a village within the Town of Northbridge.

[21]   The Massachusetts Board of Bar Overseers website lists Andrew J. Myers as an attorney in "active" status.  It provides a mailing address of PO Box 34, Whitinsville, MA 01538.

## PERSONS WHO POSSESS AND RECEIVE CHILD PORNOGRAPHY

34.    Based upon my training and experience, I know that
persons who possess and receive child pornography place
significant value on images of child pornography (and related
materials).   Since child pornography is illegal, it can be risky
to obtain.    Thus, possessors and recipients of child pornography
are very unlikely to destroy or dispose of images once they are
obtained.    Indeed, it is well-established that possessors and
recipients of child pornography hoard their images (and related
materials) for many years, rarely, if ever, destroying them.
This is particularly true today, when most child pornography is
obtained via the Internet and can be easily stored in digital
format on a computer or other data storage device.    Accordingly,
if a possessor or recipient of child pornography saves a digital
image on his computer, that image is likely to be present on
that computer several years later.    Indeed, even if the
possessor or recipient of child pornography were to destroy the
digital image (or attempt to destroy it), which is rare, it is
very likely that the image would still be present on, and
recoverable from, the subject's computer years later.

35.   In addition to maintaining their images for long
periods of time, persons who possess and receive child
pornography almost always maintain and possess their materials

28

within a private location such as their home.  In today's
computer age, the majority of such images are likely to be
maintained in digital form on a computer or other data storage
device located in the subject's home.  As described above, such
images are likely to remain on a subject's computer or other
data storage device for many years.

36.  Based upon the facts described in paragraphs 12-33,
there is probable cause to believe that Andrew Myers is a
possessor of child pornography who stored images of child
pornography on his computer and received them via the Internet
on May 7, 2012, July 10, 2012 and July 11, 2012.  As a possessor
of child pornography, Myers likely places great value on these
images and maintains them on his computer or other data storage
device in his home to this day.  Given the propensity of
possessors to store such images within the privacy of their own
homes, there is probable cause to believe that Myers currently
maintains these images on a computer or other data storage
device located in his residence at 92 Tracy Drive, Whitinsville,
Massachusetts and/or on a computer or other data storage device
located in his Law Office at 70 Church Street, Whitinsville,
Massachusetts.

37.  Based upon the facts described in paragraphs 12-33,
there is probable cause to believe that Andrew Myers has used,

29

or attempted to use, a means or facility of interstate commerce to induce and/or entice a minor to engage in unlawful sexual activity.    There is probable cause to believe that any computer or other data storage device located in Myers' residence at 92 Tracy Drive, Whitinsville, Massachusetts and/or located at Myers' Law Office at 70 Church Street, Whitinsville, Massachusetts, may contain evidence of the sexual-solicitation of minors via email and other Internet communication services, that Myers may have saved transcripts or screen shots of his sexual-solicitation chats with JV-1 or other minors identified herein, and that these files could have been stored on any form of digital media—CDs, DVDs, flash drives, or disconnected hard drives.

## COMPUTER EVIDENCE

38.    Based on my training and experience, and discussions with members of the FBI Computer Analysis Response Team ("CART") and members of the Boston Division's Cyber squad, I know that a qualified computer specialist is required to properly retrieve, analyze, document and authenticate electronically stored data, and to prevent the loss of data either from accidental or deliberate programmed destruction.    To do this work accurately and completely requires the seizure of: (1) all computer equipment and peripherals, which may be interdependent; (2) the

software to operate the computer system(s); (3) the instruction manuals, which contain directions concerning the operation of the computer system(s) and software programs; and, (4) all internal and external data storage devices.  Each of the seized items should be searched in a laboratory or controlled environment.

39.  Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a significant amount of time.  Indeed, computer specialists, using exacting data search protocols, must often recover hidden, erased, compressed, password-protected, or encrypted files in order to find evidence of criminal activity.  Moreover, many commercial computer software programs save data in unique formats that are not conducive to standard data searches.  This requires additional effort by specialists to review such data for evidence of a crime.  Finally, many users try to conceal criminal evidence by storing files in random order with deceptive file names.  This requires specialists to examine all of a user's stored data to determine which particular files are relevant and within the scope of the search warrant.  This process can take a substantial amount of time depending on the volume of data stored.

31

40. Because computer evidence is extremely vulnerable to tampering or destruction, both from external sources or from destructive codes imbedded in the system as "booby traps," a controlled environment is essential to a complete and accurate analysis.

41. Data storage devices, including but not limited to hard drives, diskettes and compact disks ("CDs"), can store the equivalent of thousands of pages of information. The majority of computers currently sold have, at a minimum, a 40 gigabyte hard drive, or larger, with an equivalent capacity in excess of 10,000,000 pages of typewritten, double spaced text.

42. For the reasons described in paragraphs 38-41 of this affidavit, it is necessary to seize all computers, data storage devices and related equipment located in Myers' residence at 92 Tracy Drive, Whitinsville, Massachusetts and/or located at Myers' Law Office at 70 Church Street, Whitinsville, Massachusetts, as described in Schedule A. It is further necessary to search such equipment in a controlled environment, off-site. Given the potential for large quantities of data, a complete forensic examination of the seized items will take longer than fourteen days.

43. To the extent practical, if persons claiming an interest in the seized computers so request, I will make

available to those individuals copies of requested files (so long as those files are not considered contraband) within a reasonable time after the execution of the search warrant. This should minimize any impact the seizures may have on the computer user's personal and/or business operations. In addition, as soon as practical, those items of hardware and software no longer required for the purpose of analysis or copying of items authorized to be seized, or for the preservation of the data and/or magnetic evidence, will be returned to the party from which they were seized, so long as such items do not constitute contraband.

44. Based on my training and experience and my discussions with members of CART, I know that, in most cases, a trained computer specialist can retrieve deleted image files from a computer or other data storage device, including deleted images of child pornography. Depending on the size of the computer or data storage device, deleted images can be retrieved for years after they have been deleted by the user. Thus, if a user possesses images of child pornography, evidence of those images and/or electronic correspondence is likely to be present on his computer or other data storage device years later, regardless of whether the user has deleted or attempted to delete the images and/or electronic correspondence.

45.   In the instant case, there is probable cause to believe that Andrew Myers possessed images of child pornography that he received via the Internet between May and July 2012.[10] Based on my training and experience, I believe that there is probable cause to believe that evidence of those images and/or electronic correspondence is currently present on computers or other data storage devices within Myers' home or Law Office even if he deleted the image files and/or electronic correspondence.

46.   In the instant case, there is probable cause to believe that Andrew Myers has used, or attempted to use, a means or facility of interstate commerce to induce and/or entice a minor to engage in unlawful sexual activity.   Based on my training and experience, I believe that there is probable cause to believe that evidence of these offenses is currently present on computers or other data storage devices within Myers' home or Law Office even if he deleted the image files and/or electronic correspondence.

## USE OF A PRIVILEGE TEAM

47.   In identifying the items to be seized, every effort has been made to limit the scope of the warrant to only those matters which relate to the crimes described above.   While it is likely that items protected by the attorney-client privilege may

---

[10]    Specifically, May 7, 2012, July 10, 2012 and July 11, 2012.

be present at the Law Office of Andrew J. Myers, documents comprising child pornography and/or documents evidencing the enticement of minors to engage unlawful sexual acts, among other things, are not privileged.  Nevertheless, the following steps will be taken to avoid the disclosure of privileged information.

48.  The searching agents will consist of a team of agents from the FBI and state and local departments working under the direction of a Team Leader.  The searching agents will have no further role in the investigation of this matter, except as needed to testify about aspects of the search, and the case agents involved in this investigation will not participate in the search of any documents.[22]  In addition to the search team, there will be a Privilege AUSA and a Privilege Special Agent. The Privilege AUSA will be available to answer questions during the search, and the Privilege Agent will take custody of any evidence obtained from the search that may contain privileged materials.  The Privilege AUSA will be from the U.S. Attorney's

---

[22]    It is anticipated that some, or all, of the computers seized pursuant to this warrant may be preliminarily searched by computer forensic experts for picture and video files containing child pornography.  If such materials are discovered by those experts, the case agent may review the images or videos so identified.  The case agent will make a preliminary determination of whether the recovered images constitute child pornography.  The case agent will not review any documentary or text evidence that is suspected to contain privileged material until that material is provided to the investigative team by the Privilege AUSA.

Office and will have no role in the further investigation and prosecution of this case.  The Privilege Agent will be from the FBI and will have no role in the further investigation and prosecution of this case other than to serve as a Privilege Agent on other aspects of this case should the occasion present itself.  The Privilege AUSA will segregate and seal any information the Privilege AUSA deems to be protected by the attorney-client or work product privileges.  If the Privilege AUSA cannot conclusively determine whether a file is protected by the attorney-client or work product privileges, the Privilege AUSA will seek a determination from a judicial officer as to whether the document may be released to the investigative team. Although the FBI case agent will be present at the premises to answer questions from the searching agents, she will not search any files in which there is any likelihood that privileged items may be found.

49.  It is presently unknown whether Myers shares the office space with other attorneys.  If that is the case, every effort will be made to segregate Myers' files from those of other attorneys in the office space.  Specifically, to the extent Myers' files are commingled with the files of other attorneys, search agents will conduct a superficial review of

the files to segregate Myers' files from the files of other attorneys in the office space.

50.   Evidence that is privileged, and beyond the scope of the warrant will be returned to the location from where it was seized.   Evidence within the scope of this warrant which is challenged by the defendant as being privileged will be submitted by the Privilege Attorney to a United States Magistrate Judge for a judicial determination of that privilege, and whether an exception to the privilege exists.

## CONCLUSION

51.   Based on the foregoing, I respectfully submit that there is probable cause to believe that evidence, fruits and instrumentalities of the following crimes will be found at 92 Tracy Drive, Whitinsville, Massachusetts and at the Law Office of Andrew Myers, 70 Church Street, Whitinsville, Massachusetts: possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B); and the use, or attempted use, of a means or facility of interstate commerce to induce and/or entice a minor to engage in unlawful sexual activity, in violation of Title 18, United States Code, Section 2422(b).   Such evidence, fruits and instrumentalities are more fully described in Schedule A attached hereto.

52.    Based upon the foregoing, I respectfully submit that there is probable cause to believe that Andrew J. Myers of 92 Tracy Drive, Whitinsville, Massachusetts, year of birth 1978, has committed the offenses of possession of child pornography and use of a means or facility of interstate commerce to induce and/or entice a minor to engage in unlawful sexual activity.

WHEREFORE, your affiant requests that a warrant to search the Subject Premises for the items described in Schedule A issue.


_____
JENNIFER L. WEIDLICH
Special Agent
Federal Bureau of Investigation


Subscribed and sworn to before me this         day of August,

2012.


_____
Robert B. Collings
United States Magistrate Judge


I have reviewed the image files referenced above and find probable cause to believe they depict minors engaged in sexually explicit conduct.  The U.S. Attorney's Office shall maintain these images for the duration of this case, including any appeals.


_____
Robert B. Collings
United States Magistrate Judge

## Schedule A

1.  Records, documents, correspondence, notes, and/or any other materials relating to IP addresses 198.228.205.225; 198.228.205.58; 198.228.205.225; 71.10.236.81; 68.114.93.57; 68.114.93.27; 66.189.120.6; 68.114.93.34; 24.177.37.123; 68.114.93.5; 66.189.120.6; and 66.189.120.4 and email address iwtfb78@hotmail.com.

2.  Internet billing and use records.

3.  Records or other items that evidence ownership or use of computer equipment found in the Subject Premises, including sales receipts, registration data, electronically stored correspondence, communication, and photographs.

4.  Any and all visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(a), in any format or media, including, but not limited to, undeveloped photographic film, photographs, magazines, videotapes, slides, motion picture films, and computer files/images.

5.  Any and all documents or other items which pertain to the knowing transportation, receipt or possession of child pornography.

6.  Any and all documents or other items which indicate a sexual interest in minors.

7. Any and all documents (including computer files) regarding any and all communications between Myers (including correspondence in the name of Jonathan Andrews, utilizing the Skype id jonathan.andrews805, and/or utilizing the email iwtfb78@hotmail.com) and any minor or apparent minor including, but not limited to, chatroom messages, chatroom logs, and email. Any and all documents, pictures, videos, or other items reflecting, recording, or evidencing, solicitations of minors, or apparent minors, to engage in sexual acts whether in paper or electronic form.

8.  Computer(s) and all related computer equipment, instructions in the form of manuals, as well as the software used to operate the computer(s), and any compact disks (CDs), zip disks, floppy disks, digital video disks (DVD), memory cards, thumb drives, and other magnetic storage devices.

9.  All camera equipment, including but not limited to, digital and video cameras, web cameras, camera phones, undeveloped film, film, film canisters and digital memory cards.

10.  Records evidencing occupancy and/or ownership of the Subject Premises including, but not limited to, utility and telephone bills, envelopes addressed to the Subject Premises, and photographs of Myers with and/or without other persons.

11.  Any mobile device, including smart phones, capable of accessing the internet (and the iwtfb78@hotmail.com account), including but not limited to any Cingular device.